(January 9, 1975)

■ In the Matter of the Estate of J. JOHN HASSETT, JR., Deceased. PATRICIA HASSETT, as Guardian ad Litem for JOHN HASSETT, et al., Appellants; RALPH S. CRAMER et al., Respondents.— Appeal from a supplemental decree of the Surrogate's Court of Chemung County, entered May 31, 1973, which denied all objections filed by appellant Patricia Hassett regarding the attorneys' and guardians' fees allowed in an estate accounting proceeding. In this accounting proceeding all parties consented to all of the provisions of the proposed decree settling the account in question except for the allowances of guardians' and attorneys' fees. Appellant, Patricia Hassett, an attorney and guardian ad litem for two infant beneficiaries, made several objections

to the allowances, all of which were denied by the Surrogate. This appeal ensued, and we are concerned solely with the propriety of the various allowances. Relative to the objections made by appellant to the allowances of the attorneys' fees, we find no merit in the contention that one of the firms in question agreed to accept a lesser fee. The record demonstrates that a member of that firm categorically denied any such agreement and the Surrogate accepted his version. As to the other firm in question, appellant contends it was guilty of unethical conduct and, therefore, should be denied an attorney's fee. We find no proof in the record substantiating this contention. We conclude, therefore, that the allowances made by the Surrogate in both instances were proper. Next, we consider the allowances made to the guardians ad litem. The source and compensation allowed for a guardian's fee are within the sound discretion of the Surrogate. (SCPA 405, subd. 1; see, also, Lipman, Practice Commentaries, McKinney's Cons. Laws of N. Y., Book 58A, SCPA 405, p. 404; *Matter of Burk*, 6 A D 2d 429.) Furthermore, there is a presumption in favor of the Surrogate's decree. (*Matter of Potts*, 213 App. Div. 59, affd. 241 N. Y. 593.) From an analysis of the pertinent law and a careful examination of the record, we fail to find any cause to disturb the allowances made by the Surrogate, with one exception. That exception pertains to the allowance made to attorney Levinger. The record reveals that he was a substitute guardian ad litem for his two infant children who were beneficiaries of the estate. The record further reveals that he was the administrator of his deceased wife's estate, who was also a beneficiary. The decree in question does not specify which of his services were rendered as guardian ad litem of the infants and which were rendered as administrator of his wife's estate. All services performed by him as guardian ad litem may be charged against the estate. The services rendered in his capacity as administrator of his wife's estate may properly be charged against the estate only if they were beneficial to the estate. Here the record contains no proof to substantiate that such services were beneficial to the instant estate. Consequently, that portion of the decree which allowed a guardian's fee to attorney Levinger must be remitted to enable the Surrogate to determine the reasonable value of the services performed by him in each capacity, and whether those services performed as administrator were beneficial to this estate. Decree modified, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.