# (NOVEMBER 24, 1980)

■ ELIZABETH R. BAECHER, Appellant, v JOHN J. BAECHER et al., Respondents. (Action No. 1.) JOHN BAECHER, Respondent, v JOHN J. BAECHER, JR., Respondent, and ELIZABETH R. BAECHER, Appellant. (Action No. 2.) — In consolidated actions to (1) remove a cloud on title to real property and recover damages for fraud, and (2) foreclose on a second mortgage held by respondent John Joseph Baecher, Elizabeth Baecher appeals from (1) an order of the Supreme Court, Westchester County, dated September 24, 1979, in the first above-described action, which directed that judgment be entered against her and in favor of respondents, and (2) a judgment of the same court, dated July 3, 1979, in the

second above-described action, which, *inter alia,* awarded the principal sum of $54,380.68 to respondent John Joseph Baecher, and directed that the mortgaged premises be sold at a public sale. Order affirmed, without costs or disbursements. No opinion. Judgment reversed, on the law, without costs or disbursements, and new trial granted. The facts of this case do not support a finding that the appellant is equitably estopped from asserting the defense of the Statute of Limitations (cf. *Scheuer v Scheuer,* 308 NY 447). Thus, the action to foreclose the second mortgage is barred by the applicable Statute of Limitations (see CPLR 213, subd 4). The oral requests by the mortgagors that respondent John Joseph Baecher make payments on the first mortgage are insufficient to toll the running of the Statute of Limitations (see General Obligations Law, § 17-105). However, the second cause of action asserted in the complaint of respondent John Joseph Baecher, which sounds in unjust enrichment, was timely interposed, and may entitle him to recover the moneys allegedly expended pursuant to the request of appellant and John J. Baecher, Jr., to satisfy their obligation on the first mortgage. A new trial is necessary to resolve that issue. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.