■ ELIZABETH R. BAECHER, Respondent, v JOHN J. BAECHER, JR., Appellant. — In a matrimonial action, the defendant husband appeals (1) from a judgment of the Supreme Court, Westchester County, entered October 26, 1979, which (a) awarded the plaintiff wife the sum of $44,840 in satisfaction of her claim for arrears in the payment of alimony, child support and carrying charges on the former marital residence and (b) awarded her attorney the sum of $25,000 as a counsel fee, and (2) from an order of the Supreme Court, Dutchess County, entered in Westchester County on November 7, 1979, which, *inter alia,* denied defendant's application for a downward modification of the amounts payable as alimony and child support. Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. Order affirmed, without costs or disbursements. Pursuant to a judgment of divorce dated September 1, 1976 and later modified by this

court (see *Baecher v Baecher,* 58 AD2d 821), defendant was obligated to pay the plaintiff the sum of $35 per week as alimony and $30 per week as child support for each of his two younger children. In addition, defendant was required to pay the carrying charges on the marital home until it could be sold. The determinations under review arise out of plaintiff's application pursuant to section 244 of the Domestic Relations Law for the entry of a judgment for arrears for the period December 16, 1976 through October 24, 1979 and defendant's cross application for a downward modification of his support obligations. On a prior appeal, this court directed that a consolidated hearing be held on these cross applications (see *Baecher v Baecher,* 70 AD2d 871). Although the testimony adduced at the consolidated hearing indicates that the defendant has failed to make the required payments, it appears that the period of time involved is only 149 weeks (rather than the 154 weeks as found by Special Term), and that the *gross* amount for the arrears of alimony and child support should therefore be reduced to the sum of $14,155 (i.e., $95 per week x 149 weeks). Moreover, although the testimony in this regard is not entirely satisfactory, it further appears that the defendant may be entitled to some reduction of the foregoing amount due to the temporary absence from the home, for a cumulative period of about 14 months of one or both of the minor children committed to the plaintiff's custody. However, since it is impossible to determine on the present record either the period of the childrens' absence or the amount of any appropriate reduction in the arrearages of child support which may have been occasioned thereby, it is necessary that the matter be remanded for a further hearing on this issue. Similarly, with respect to defendant's failure to pay the carrying charges on the former marital residence, it is impossible to determine on this record the precise amount of those omitted payments. Accordingly, we must remand for a further hearing on this issue as well. The court should consider the effect of any final determination which may have been reached in the action commenced by defendant's father to recover the amount of those mortgage payments which had been made by him (see *Baecher v Baecher,* 78 AD2d 894). Finally, we must also remand the question of counsel fees for a further hearing. Plaintiff's counsel, who claims to have spent a total of 500 hours on these applications, has demanded the sum of $40,000 and has been awarded the sum of $25,000. She has not, however, provided the court with any supporting documentation. Owing to the size of the demand and the number of hours which counsel claims to have spent on this matter, she should be required to account for the services rendered by her on plaintiff's behalf. On this record, it is impossible to review her claim. We have considered defendant's remaining contentions and find them to be without merit. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.