■ MARTEK INVESTORS, INC., Formerly Known as STAR SUPERMARKETS, INC., Respondent-Appellant, v MORRIS SMITH CARTING COMPANY, INC., Appellant-Respondent. (Action No. 1.) MORRIS SMITH CARTING COMPANY, INC., Appellant-Respondent, v STAR SUPERMARKETS, INC., Now Known as MARTEK INVESTORS, INC., Respondent-Appellant. (Action No. 2.) — Order unanimously affirmed, without costs. Memorandum: There are factual questions pertaining to whether the business of the proposed assignee was such that under paragraph 10 of the lease the lessor could properly withhold its consent to the assignment. Summary judgment was, therefore, properly denied to each party (CPLR 3212, subd [b]). The lessee's notice of termination in the letter of December 6, 1982 (assuming the lessee is ultimately found to have the right to terminate under paragraph 10) was, we hold, timely served. The lessor has demonstrated no right to a preliminary injunction and that motion was properly denied (see *Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324). (Appeals from order of Supreme Court, Monroe County, Pine, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the Estate of OLGA J. SLADE, Deceased. — Order unanimously reversed, without costs, motion granted and matter remitted to Monroe County Surrogate's Court for further proceedings, in accordance with the following memorandum: On this record there is no basis to ascertain whether the Surrogate's ex parte award of compensation to the guardian ad litem was reasonable (see SCPA 405, subd 1). The value of services provided by a guardian ad litem is governed by the criteria generally applicable to the value of legal services, namely, the nature, extent and necessity of the services, the actual time spent, the nature and complexity of the issues involved, the professional standing of counsel, and the results obtained (see, generally, *Matter of Potts,* 213 App Div 59, 62, affd 241 NY 593; *Randall v Packard,* 142 NY 47; *Matter of Burk,* 6 AD2d 429, 430). Here, no time records have been presented to substantiate the conclusory allegation in the guardian's affidavit "[t]hat the time records of your affirmant for said services, taken from diary entries between March 22, 1982 and August 12, 1982 amount to 126.5 hours." The Surrogate must determine the reasonable value of the services performed based upon specific documentation of the time spent on each task listed in the guardian's schedule attached to his affidavit of February 24, 1983 (*Matter of Hassett,* 47 AD2d 569, 570; see *Baecher v Baecher,* 80 AD2d 629, 630; 10 Cox-Arenson-Medina, NY Civ Prac, part 2, par 405.01, pp 4-101 — 4-102). (Appeal from order of Monroe County Surrogate's Court, Ciaccio, S. — guardian ad litem fees.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.