■ JOSEPH DI BELLA, Respondent, v HELEN DI BELLA, Appellant.

The parties were married in June 1955. They have two children, ages 27 and 25, respectively. The plaintiff is now a 69-year-old retired insurance salesman living in Florida. The defendant is now 66 years old and has not worked outside the home since a 1957 miscarriage.

In October 1982 after retiring from the Metropolitan Life Insurance Company the plaintiff moved to Florida alone. He previously had served his wife with a summons with notice for an action for a divorce. She answered this summons with the counterclaim for abandonment upon which a divorce was granted. There is no appeal from that portion of the judgment.

The record reveals that the plaintiff secreted marital assets by attempting to change their nature and taking title in his own name. For example, he liquidated an investment savings plan he had accumulated while at the Metropolitan Life

Insurance Company and bought three Florida condominiums, registering title in his own name. Taking advantage of his wife's ignorance of family assets, he kept a "secret" bank account in his own name containing funds he earned while working. Precisely how much the couple had accumulated is unknown; no concrete evidence was produced regarding the value of the marital assets. The trial court estimated these assets as totaling $500,000. Based on this amount, the defendant was awarded the marital home in Garden City, Nassau County, with a stipulated value of $217,000, $5,000 in furnishings, and a $10,000 cash award. This award of 46.4% of the marital assets to the defendant is not an improvident exercise of discretion and will not be disturbed (cf., Bisca v Bisca, 108 AD2d 773, 774, appeal dismissed 66 NY2d 741).

The trial court awarded $250 per week maintenance, directing her to supplement her income by finding employment. Such a suggestion ignores the difficulties that a woman of the defendant's age with no marketable skills and in less than perfect health would experience in obtaining employment (see, Jones v Jones, 133 AD2d 217; Neumark v Neumark, 120 AD2d 502, lv dismissed 69 NY2d 899). In light of the monthly income of both parties from the plaintiff's pension (a marital asset) and Social Security payments, interest income and rentals, we modify the maintenance provision by awarding the defendant a total of $300 per week. In doing so, we note that included in the award is $229.14 per week which represents 46.4% of the plaintiff's pension payment, which accrues to the defendant as marital property, and $70.86 per week which is maintenance (see, Majauskas v Majauskas, 61 NY2d 481; Damiano v Damiano, 94 AD2d 132).

As for the defendant's claims for necessaries and counsel fees, we find that she did not carry her burden of proof as to either. The proof here upon the cause of action to recover damages for necessaries did not adequately establish that the plaintiff did not compensate the defendant when he left her substantial amounts of cash and paid for various family needs after he abandoned her (Malman v Malman, 46 AD2d 803). As for the defendant's demand for counsel fees, counsel did not present adequate documentation regarding the time devoted to the action and services rendered. Therefore, the trial court's refusal to make an award of counsel fees was not an improvident exercise of discretion (see, Baecher v Baecher, 80 AD2d 629, lv dismissed 53 NY2d 605). Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.