▄▄▄▄ In the Matter of the Estate of MILFORD L. PHINNEY, Deceased, Respondent. EDWARD W. RILEY, as Guardian ad Litem of LEWIS B. PHINNEY and Another, Infants, et al., Appellants; ELIZABETH M. PHINNEY, as Executrix, Respondent. (Appeal No. 1.) [673 NYS2d 621] —Order unanimously affirmed without costs. Memorandum: Because it does not appear from the separation agreement that the parties intended to continue their obligations post mortem and the children were provided with alternative means of support, we conclude that the obligations of decedent set forth in the separation agreement terminated at the time of death (*see, Matter of Riconda*, 90 NY2d 733, 738-739). (Appeals from Order of Orleans County Surrogate's Court, Noonan, S.—Support.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.

▄▄▄▄ In the Matter of the Estate of MILFORD L. PHINNEY, Deceased, Respondent. EDWARD W. RILEY, as Guardian ad Litem of LEWIS B. PHINNEY and Another, Infants, Appellant; ANTONIA B. PHINNEY, as Mother of LEWIS B. PHINNEY and Another, Infants, et al., Respondents. (Appeal No. 2.) [673 NYS2d 623] —Order unanimously affirmed without costs. Memorandum: Surrogate's Court did not abuse its discretion in awarding the guardian ad litem $7,000 in fees and ordering that the estate pay one third and the infant children pay two thirds of

that amount (*see, Matter of Infant X. v Children's Hosp.,* 197 AD2d 884; *Matter of Hassett,* 47 AD2d 569). (Appeal from Order of Orleans County Surrogate's Court, Noonan, S.—Counsel Fees.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.