■ Ian I. Fischer, Appellant-Respondent, v Xiao Yang Chen, Respondent-Appellant. [777 NYS2d 716]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Borelli, J.H.O.), dated April 30, 2003, which, upon a decision of the same court dated January 18, 2003, made after a hearing, granted the defendant's application for an award of an attorney's fee, and awarded her an attorney's fee in the sum of $23,801, and the defendant cross-appeals, as limited by her brief, from stated portions of the same order and judgment as, inter alia, did not award her attorney's fees in connection with the cause of action alleging fraud.

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, and the defendant's application for an award of an attorney's fee is denied.

It was an improvident exercise of discretion for the Supreme Court to grant the defendant's application for an award of an attorney's fee because there was no showing that her present counsel provided any compensable service (*see Caso v Caso,* 205 AD2d 866, 867-868 [1994]; *Di Bella v Di Bella,* 140 AD2d 292, 293 [1988]). In this action, the grounds for divorce terminating a 58-day marriage were resolved by consent and the equitable distribution claim involved a single asset. The defendant's former counsel, inter alia, prepared the initial pleadings and the defendant's net worth statement, and negotiated a proposed settlement.

The defendant's present counsel added a counterclaim to recover damages for fraudulent misrepresentation alleging that the plaintiff induced the defendant to marry him. No award was

warranted for services the wife's present counsel rendered in connection with this nonmatrimonial counterclaim (*see Skinner v Skinner,* 271 AD2d 679, 681 [2000]; *Anonymous v Anonymous,* 258 AD2d 547 [1999]; *Lucci v Lucci,* 227 AD2d 387 [1996]). Barring the addition of this counterclaim and the application for an award of an attorney's fee, there would have been little, if anything, to litigate in this matter. Furthermore, the defendant's present counsel failed to document the services he performed, if any, on compensable matrimonial matters that were necessary to enable the defendant "to carry on or defend the action or proceeding" (Domestic Relations Law § 237 [a]; *see Di Bella v Di Bella, supra*). Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.