■ In the Matter of Susan L. Barich, Deceased. Walsh, Wicks & Salisbury, Nonparty Appellant; Miriam Hantout et al., Respondents. [937 NYS2d 112]—

The decedent, Susan L. Barich, died on July 21, 2006, leaving an October 6, 2003, will which was admitted to probate in the Surrogate's Court, Dutchess County by decree dated January 25, 2007. The will appointed the decedent's niece as the executor of the estate (hereinafter the executor), and the executor's brother as alternate executor (hereinafter together the legatees). The will also provided for the legatees to each receive a parcel of real property located in Dutchess County, and for the legatees to divide the residuary estate in equal shares. The inventory of estate assets filed on June 13, 2007, showed an estimated value of the estate's real property as $355,000, and the value of mortgages, notes, and cash, etc., as $5,930.94, for a total of $360,930.94.

The executor engaged the law firm of Walsh, Wicks & Salisbury (hereinafter the appellant) to represent her in connection with her administration of the estate under an August 2, 2006, retainer agreement which provided for the payment of an attorney's fee by various percentages of the gross taxable estate.

On or around May 13, 2009, the executor discharged the appellant and retained another law firm to act in its place. By petition dated May 6, 2009, the appellant requested an award of an attorney's fee in the sum of $15,000 for services rendered over the course of 2 3/4 years.

" 'In evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained' " (*Matter of Talbot*, 84 AD3d 967, 967-968 [2011], quoting *Matter of Szkambara*, 53 AD3d 502, 502-503 [2008]; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]). The appellant's initial affidavit in support of its request for attorney's fees properly identified the attorney who rendered the services and provided a contemporaneous itemization of the time spent, the date on which services were rendered, and a brief description of the services, along with a narrative description of the services, which satisfied the requirements for establishing the entitlement to an attorney's fee pursuant to Uniform Rules for Surrogate's Court (22 NYCRR) § 207.45 (a).

We agree with the Surrogate that certain services which the appellant provided were not related to the administration of the estate or involved the individual interests of the two legatees, neither of which is compensable. However, our review of the record leads us to the conclusion that the appellant was entitled

to an award for providing 70 hours of services at its hourly rate of $175, for a total award in the sum of $12,250 (*see Matter of Bitzer*, 208 AD2d 723 [1994]; *cf. Matter of Mingoia*, 212 AD2d 531 [1995]). The appellant also is entitled to the disbursements expended for an heirship search, which was required to obtain the probate of the decedent's will and did not constitute attorney overhead (*see Matter of Hopkins*, 17 Misc 3d 1129[A], 2007 NY Slip Op 52191[U] [2007]; *Matter of Walker*, NYLJ, Mar. 30, 2011, at 31, col 6; *Matter of Herlinger*, NYLJ, Apr. 28, 1994, at 28, col 6), and the cost of a title search conducted with respect to the real property bequeathed to the executor, which the executor should pay, individually. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.