■ In the Matter of the Judicial Settlement of Final Account of MANUFACTURERS AND TRADERS TRUST COMPANY (as Successor to CENTRAL TRUST COMPANY), as Trustee of the Trust under ARTICLES THIRD AND FOURTH OF THE LAST WILL AND TESTAMENT OF EVELYN B. MULVEY, Deceased, for the Benefit of MARY HULL, Also Deceased, Respondent. EUGENE P. LaBUE, Guardian ad Litem for DAVID A. LAWSON, Respondent; RICHARD I. MULVEY, Appellant. [939 NYS2d 682]—

We conclude that the Surrogate erred in awarding respondent $12,000 in guardian ad litem fees. It is well settled that a guardian ad litem is entitled to a reasonable fee, and the reasonableness of the fee is determined based on the same factors used to determine the reasonableness of legal fees in general (*see generally Matter of Potts*, 213 App Div 59, 61-62 [1925], *affd* 241 NY 593 [1925]). Those factors include "the nature, extent and necessity of the services, the actual time spent, the nature and complexity of the issues involved, the professional standing of counsel, and the results obtained" (*Matter of Slade*, 99 AD2d 668 [1984]). Here, there is no basis in the record to ascertain whether the award to respondent was reasonable because he failed to submit time records that would "substantiate the conclusory allegation[s]" in his affirmation and report (*id.*). We therefore reverse the decree insofar as appealed from and vacate the award of guardian ad litem fees to respondent, and we remit the matter to Surrogate's Court to award respondent a reasonable fee based on the appropriate factors. Present—Scudder, P.J., Fahey, Carni, Sconiers and Martoche, JJ.