# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**43**

**CA 11-01621**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF
FINAL ACCOUNT OF MANUFACTURERS AND TRADERS
TRUST COMPANY (AS SUCCESSOR TO CENTRAL TRUST
COMPANY), PETITIONER-RESPONDENT, AS THE                    MEMORANDUM AND ORDER
TRUSTEE OF THE TRUST UNDER ARTICLES THIRD AND
FOURTH OF THE LAST WILL AND TESTAMENT OF
EVELYN B. MULVEY, DECEASED, FOR THE BENEFIT OF
MARY HULL, ALSO DECEASED.
----------------------------------------------
EUGENE P. LABUE, GUARDIAN AD LITEM FOR DAVID A.
LAWSON, RESPONDENT;

RICHARD I. MULVEY, APPELLANT.

---

RICHARD I. MULVEY, APPELLANT PRO SE.

EUGENE P. LABUE, ROCHESTER, RESPONDENT PRO SE.

---

Appeal from a decree of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered March 21, 2011. The decree, insofar as appealed from, awarded compensation to Eugene P. LaBue, guardian ad litem for David A. Lawson.

It is hereby ORDERED that the decree insofar as appealed from is unanimously reversed on the law without costs, the award of fees to respondent Eugene P. LaBue, guardian ad litem for David A. Lawson, is vacated and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following Memorandum: Richard I. Mulvey, appearing pro se, appeals from that part of the decree that awarded compensation to Eugene P. LaBue (respondent), guardian ad litem for David A. Lawson. Petitioner, as trustee of a trust created by decedent Evelyn B. Mulvey, commenced this proceeding for judicial settlement of account after the death of the trust beneficiary. Respondent represented a potential remainder beneficiary and advocated for a specific interpretation of the trust, which was ultimately rejected by Surrogate's Court. Following the accounting, the Surrogate determined that the remainder beneficiary in question was entitled to $3,179 as his share of the trust principal. Respondent submitted an affirmation of services in which he asserted that he expended in excess of 42 hours on the matter. He also submitted a "Report and Recommendation" (hereafter, report) in which he identified 23 items of service to the remainder beneficiary, although there is no indication in the report with respect to how much time respondent expended for each service. Further, neither respondent's affirmation nor his report includes his usual hourly fee

or a recommendation of reasonable compensation for the time spent on the matter.

We conclude that the Surrogate erred in awarding respondent $12,000 in guardian ad litem fees. It is well settled that a guardian ad litem is entitled to a reasonable fee, and the reasonableness of the fee is determined based on the same factors used to determine the reasonableness of legal fees in general (*see generally Matter of Potts*, 213 App Div 59, 61-62, *affd* 241 NY 593). Those factors include "the nature, extent and necessity of the services, the actual time spent, the nature and complexity of the issues involved, the professional standing of counsel, and the results obtained" (*Matter of Slade*, 99 AD2d 668). Here, there is no basis in the record to ascertain whether the award to respondent was reasonable because he failed to submit time records that would "substantiate the conclusory allegation[s]" in his affirmation and report (*id.*). We therefore reverse the decree insofar as appealed from and vacate the award of guardian ad litem fees to respondent, and we remit the matter to Surrogate's Court to award respondent a reasonable fee based on the appropriate factors.

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court