# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

306

CA 12-01798

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF
FINAL ACCOUNT OF MANUFACTURERS AND TRADERS
TRUST COMPANY (AS SUCCESSOR TO CENTRAL TRUST
COMPANY), PETITIONER-RESPONDENT, AS THE
TRUSTEE OF THE TRUST UNDER ARTICLES THIRD AND      MEMORANDUM AND ORDER
FOURTH OF THE LAST WILL AND TESTAMENT OF
EVELYN B. MULVEY, DECEASED, FOR THE BENEFIT
OF MARY HULL, ALSO DECEASED.
------------------------------------------------
EUGENE P. LABUE, GUARDIAN AD LITEM FOR DAVID A.
LAWSON, RESPONDENT;

RICHARD I. MULVEY, APPELLANT.

---

RICHARD I. MULVEY, APPELLANT PRO SE.

EUGENE P. LABUE, ROCHESTER, RESPONDENT PRO SE.

---

Appeal from a decree of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered May 23, 2012. The decree awarded compensation to respondent Eugene P. LaBue, guardian ad litem for David A. Lawson.

It is hereby ORDERED that the decree so appealed from is unanimously modified on the law by reducing the award of fees to respondent to $8,000 and as modified the decree is affirmed without costs.

Memorandum: Richard I. Mulvey, appearing pro se, appeals from a decree that awarded compensation to Eugene P. LaBue (respondent), guardian ad litem for David A. Lawson. Petitioner, as trustee of a trust created by decedent Evelyn B. Mulvey, commenced this proceeding for judicial settlement of account after the death of the trust beneficiary. Respondent represented Lawson, who was a potential remainder beneficiary of the trust (subject remainder beneficiary), and advocated for a specific interpretation of the trust, which was ultimately rejected by Surrogate's Court. Following the accounting, the Surrogate determined that the subject remainder beneficiary was entitled to $3,179 as his share of the trust principal and awarded respondent a fee in the amount of $12,000 for his services as guardian ad litem (fee). In a prior appeal, Richard I. Mulvey, another remainder beneficiary of the trust, appealed from the decree awarding respondent the fee, and we reversed the decree insofar as it awarded that fee on the ground that the record was inadequate to support it

(*Matter of Manufacturers & Traders Trust Co. [Mulvey]*, 92 AD3d 1276).
We remitted the matter to Surrogate's Court for further proceedings
and, on remittal, the Surrogate again awarded respondent a fee in the
amount of $12,000.

We agree with Richard I. Mulvey that the fee is unreasonable on
its face.  "It is well settled that a guardian ad litem is entitled to
a reasonable fee, and the reasonableness of the fee is determined
based on the same factors used to determine the reasonableness of
legal fees in general" (*id.* at 1277).  Those factors "include the time
and labor expended, the difficulty of the questions involved and the
required skill to handle the problems presented, the attorney's
experience, ability, and reputation, the amount involved, the
customary fee charged for such services, and the results obtained"
(*Matter of Barich*, 91 AD3d 769, 770 [internal quotation marks
omitted]).  Here, although respondent submitted the requisite
affidavit establishing his entitlement to a fee pursuant to 22 NYCRR
207.45 (a) (*see id.*; *cf. Matter of Slade*, 99 AD2d 668, 668), we
conclude that the Surrogate abused his discretion in awarding
respondent a fee in the amount of $12,000, and we therefore modify the
decree by reducing the fee to the amount of $8,000 (*cf. Matter of
Phinney* [appeal No. 2], 251 AD2d 1048, 1048-1049; *see generally Matter
of Dessauer*, 96 AD3d 1560, 1561).  For example, the Surrogate abused
his discretion in awarding respondent his hourly rate for 14 hours of
legal research on the underlying issue, and compensating respondent
for hand-delivering certain documents to the court and sending copies
thereof to various people.  Moreover, although not dispositive, we
further conclude that the fee should be considered in light of the
amount of the trust principal received by the subject remainder
beneficiary, and in light of the fee awarded to another guardian ad
litem representing a similarly situated remainder beneficiary.
Notably, the fee of the other guardian ad litem was significantly less
than respondent's fee, and the remainder beneficiary represented by
that guardian ad litem received a much larger amount of the trust
principal than the subject remainder beneficiary.

Entered:  April 26, 2013                      Frances E. Cafarell
                                              Clerk of the Court