Appeal from a decree of the Surrogate’s Court, Monroe County (Edmund A. Calvaruso, S.), entered May 23, 2012. The decree awarded compensation to respondent Eugene E LaBue, guardian ad litem for David A. Lawson.
It is hereby ordered that the decree so appealed from is unanimously modified on the law by reducing the award of fees to respondent to $8,000 and as modified the decree is affirmed without costs.
Memorandum: Richard I. Mulvey, appearing pro se, appeals from a decree that awarded compensation to Eugene E LaBue (respondent), guardian ad litem for David A. Lawson. Petitioner, *1404 as trustee of a trust created by decedent Evelyn B. Mulvey, commenced this proceeding for judicial settlement of account after the death of the trust beneficiary. Respondent represented Lawson, who was a potential remainder beneficiary of the trust (subject remainder beneficiary), and advocated for a specific interpretation of the trust, which was ultimately rejected by Surrogate’s Court. Following the accounting, the Surrogate determined that the subject remainder beneficiary was entitled to $3,179 as his share of the trust principal and awarded respondent a fee in the amount of $12,000 for his services as guardian ad litem (fee). In a prior appeal, Richard I. Mulvey, another remainder beneficiary of the trust, appealed from the decree awarding respondent the fee, and we reversed the decree insofar as it awarded that fee on the ground that the record was inadequate to support it (Matter of Manufacturers & Traders Trust Co. [Mulvey], 92 AD3d 1276 [2012]). We remitted the matter to Surrogate’s Court for further proceedings and, on remittal, the Surrogate again awarded respondent a fee in the amount of $12,000.
We agree with Richard I. Mulvey that the fee is unreasonable on its face. “It is well settled that a guardian ad litem is entitled to a reasonable fee, and the reasonableness of the fee is determined based on the same factors used to determine the reasonableness of legal fees in general” (id. at 1277). Those factors “include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney’s experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained” (Matter of Barich, 91 AD3d 769, 770 [2012] [internal quotation marks omitted]). Here, although respondent submitted the requisite affidavit establishing his entitlement to a fee pursuant to 22 NYCRR 207.45 (a) (see id.; cf. Matter of Slade, 99 AD2d 668, 668 [1984]), we conclude that the Surrogate abused his discretion in awarding respondent a fee in the amount of $12,000, and we therefore modify the decree by reducing the fee to the amount of $8,000 (cf. Matter of Phinney [appeal No. 2], 251 AD2d 1048, 1048-1049 [1998]; see generally Matter of Dessauer, 96 AD3d 1560, 1561 [2012]). For example, the Surrogate abused his discretion in awarding respondent his hourly rate for 14 hours of legal research on the underlying issue, and compensating respondent for hand-delivering certain documents to the court and sending copies thereof to various people. Moreover, although not dispositive, we further conclude that the fee should be considered in light of the amount of the trust principal received by the subject remainder beneficiary, and in light of the fee awarded to an *1405 other guardian ad litem representing a similarly situated remainder beneficiary. Notably, the fee of the other guardian ad litem was significantly less than respondent’s fee, and the remainder beneficiary represented by that guardian ad litem received a much larger amount of the trust principal than the subject remainder beneficiary.
Present—Centra, J.P, Fahey, Carni, Sconiers and Martoche, JJ.