**Walgreen Co. v Kassover**

2024 NY Slip Op 33785(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 653071/2021

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**      PART         **61M**

*Justice*

-----------------------------------------------------------------------------X

WALGREEN CO.,

                            Plaintiff,

                     - v -

PHILIP KASSOVER, ALLERAND REALTY HOLDINGS,
LLC,GCC-RA LEBANON, LLC,

                          Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653071/2021 |
| **MOTION DATE** | 10/21/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205

were read on this motion to/for          ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW  .

In this interpleader action pursuant to CPLR 1006, GordonLaw LLP ("GLLLP"), counsel for defendant Philip Kassover, moves, by Order to Show Cause, *inter alia*, to withdraw as counsel pursuant to CPLR 321(b)(2) and for a charging lien in the sum of $195,572.27 pursuant to Judiciary Law § 475. In the Order to Show Cause, the court denied the movant's request for a temporary stay. Kassover opposes the motion and disputes the sum sought as a charging lien. The plaintiff, Walgreen Co., and co-defendants Allerand Realty Holdings, LLC, and GCC-RA Lebanon, LLC do not oppose the motion. The motion is granted to the extent that GLLLP is granted leave to withdraw as counsel for Kassover, the matter is stayed for 60 days for substitute counsel to appear, and the motion is otherwise denied without prejudice.

Judiciary Law § 475 provides in part that "[f]rom the commencement of an action, special or other proceeding ....an attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim which attached to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor" and "[t]he court upon the petition of the client or attorney may determine and enforce the lien." Stated simply, "[a] charging lien is a security interest in the favorable result of a litigation." Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d 222, 223 (1st Dept. 2005); see Bernard v DeRham,

**653071/2021 WALGREEN CO. vs. KASSOVER, PHILIP ET AL**
Motion No. 005

Page 1 of 5

161 AD3d 686 (1st Dept. 2018). A charging lien should be for the fair and reasonable value of the discharged attorney's services, determined at the time of the discharge and computed on the basis of quantum meruit, even if the attorney was originally retained on a contingency basis. See Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655 (1993); Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454 (1989).

Furthermore, it is well settled that the reasonableness of legal fees "can be determined only after consideration of the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charges for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved." Morgan & Finnegan v Howe Chemical Co., Inc., 210 AD2d 62, 63 (1st Dept. 1994) [citations omitted]; see Matter of Freeman, 34 NY2d 1 (1974); Matter of Barich, 91 AD3d 769 (2nd Dept. 2012). An award of reasonable attorney's fees is within the sound discretion of the court. See O'Mahony v Whiston, 224 AD3d 609 (1st Dept. 2024); Diakrousis v Maganga, 61 AD3d 469 (1st Dept. 2009).

In support of its motion, GLLLP submits, *inter alia*, an affirmation of Michael R. Gordon, Esq., a member of GLLLP, in which he summarizes the services rendered in representing Kassover. Gordon's work, as reflected in billing invoices that are also submitted, show that these services included, among other things, drafting and revising motion papers, preparing for depositions, and appearing for oral arguments, from July 2021 to July 2024. GLLLP also submits the subject Retainer Agreement, which was by its terms is expressly limited to this interpleader action. The Retainer Agreement specifies that it is not a contingency fee arrangement, that the hourly billing rate is $575, and that any payment of invoices is deferred "until [30 days after] the Court rules on the pre-Answer dispositive motions GLLLP intends to make in this action." The court denied Kassover's motion by an order entered July 8, 2024. Gordon represents, and Kassover does not dispute, that Kassover has not paid any of the outstanding sum due in the matter as of August 7, 2024, and that he represented to Gordon that he is unable to pay.

Kassover's primary argument in opposition appears to be, in essence, that GLLLP committed malpractice by failing to submit certain papers on the motion which would have resulted in the granting of his motion. These arguments are specious since, even had the court

**653071/2021   WALGREEN CO. vs. KASSOVER, PHILIP ET AL**
**Motion No.  005**

**Page 2 of 5**

2 of 5

granted Kassover's motion, he would still owe payment to GLLLP per the terms of the Retainer Agreement, which was not on a contingency basis. In any event, Kassover's submissions fall far short of demonstrating any malpractice. More specifically, Kassover does not show that GLLLP "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages. McCoy v Feinman, 99 NY2d 295, 301-302 (2002); see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 (2007). Even assuming some negligence on the part of GLLP, as Kassover alleges, he fails to demonstrate causation, *i.e.* that he would have prevailed on his motion but for GLLLP's negligence. See Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, supra, at 442; Davis v Klein, 88 NY2d 1008, 1009-1010 (1996); Carmel v Lunney, 70 NY2d 169, 173 (1987).

However, GLLLP's application for a charging lien in the sum of $195,572.27 is denied since its submissions are insufficient for two reasons. First, GLLLP alleges by way of Gordon's affidavit and an accompanying chart that $82,967.30 of this amount is owed for services provided on four other matters, which it fails to describe except for listing them as "Matter 203 (judgment enforcement and contempt), Matter 204 (Kentucky), Matter 205 (DC) and Matter 217 (general)." It is well settled that an attorney may not recover fees billed in another separate action, especially where, as her, the subject agreement limits the scope of the attorney's representation. See generally 930 Fifth Corp. v King, 42 NY2d 886 (1977); Board of Mgrs of Amherst Condo. v CC Ming, 308 AD2d 380 (1st Dept. 2003). Under the prohibition against claim splitting, any application for attorney's fees must "be sought within the action in which they were incurred, and not a subsequent action." Wavertree Corp. V 136 Waverly Assocs., 258 AD2d 392 (2nd Dept. 1999); see also 930 Fifth Corp. v King, supra; O'Connell v 1205-15 First Avenue Assocs., LLC, 28 AD3d 233 (1st Dept. 2006). In light of this caselaw and the clear terms of the Retainer Agreement, GLLLP may recover only fees incurred in the instant action.

Second, while GLLLP's alleges that it is owed $112,604.97 in attorney's fees incurred in the instant action, the submitted billing invoices are insufficient to support this amount. These purported monthly statements are missing months and provide insufficient explanations of the charges and balances in the invoices that were submitted. For example, the first invoice, dated August 18, 2021, reflects a charge of $9,372.50. The next invoice is dated October 21, 2021, reflects a charge of $975.00 for services rendered that month, and states that the past amount due is $22,080.00, without explanation as to how GLLLP arrived at this number. Therefore,

**653071/2021   WALGREEN CO. vs. KASSOVER, PHILIP ET AL**                    **Page 3 of 5**
**Motion No.  005**

3 of 5

GLLLP's application for a charging lien is denied without prejudice to refile the application on proper papers in accordance with this decision within 30 days after the expiration of the stay granted herein.

Accordingly, upon the foregoing papers, it is

ORDERED that the branch of the motion of Michael R. Gordon, Esq. of the law firm GordonLaw LLP, to withdraw as counsel for defendant Phillip Kassover, pursuant to pursuant to CPLR 321(b)(2) and Rule 1.16(b)(3) of the N.Y. Rules of Professional Conduct, is granted upon the filing of proof of compliance with the following conditions; and it is further

ORDERED that said attorney shall serve a copy of this order with notice of entry upon the former client at the last known address of the client by certified mail, return receipt requested, and by e-mail, if address known, and upon the attorneys for all other parties herein by regular mail at the last known address and by posting to the New York State Courts Electronic Filing System; and it is further

ORDERED that, together with a copy of this order with notice of entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within 60 days from the date of the mailing of the notice and the former clients shall comply therewith; and it is further

ORDERED that any new attorney retained by the former client shall file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 60 days from the date the notice to retain new counsel is mailed; and it is further

ORDERED that no further proceedings may be taken against the former client without leave of this court for a period of 60 days after service on the former client of a copy of this order with notice of entry; and it is further

ORDERED that moving counsel's application to fix a charging lien in the sum of $195,572.27 is denied without prejudice to re-file the application on proper papers, in accordance with this decision, within 30 days after expiration of the stay granted herein and with notification of such filing to the Part 61 Clerk by email, and it is further

**653071/2021   WALGREEN CO. vs. KASSOVER, PHILIP ET AL**
**Motion No.  005**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

| 10/23/2024 | |
| --- | --- |
| DATE | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| --- | --- | --- |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

653071/2021  WALGREEN CO. vs. KASSOVER, PHILIP ET AL
Motion No.  005

Page 5 of 5

5 of 5